**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| S.W., | : | **Civil Action No. 25-01861** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF | : |  |
| SOCIAL SECURITY, | : |  |
| Defendant. | : |  |
|  | : |  |
|  | : |  |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff S.W. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning February 1, 2023. A hearing was held before ALJ Karen Shelton (the "ALJ") on September 5, 2024 and the ALJ issued an unfavorable decision on December 18, 2024. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In decision of December 18, 2024, the ALJ found, at step two, that Plaintiff had several

1

severe impairments, including lumbar spine degenerative disc disease, osteoarthritis of the right knee with patellofemoral syndrome, depression, and anxiety.  At step three, the ALJ found that Plaintiff's condition did not meet the requirements of any of the Listings of Impairments.  At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with specific exertional and non-exertional limitations, and that Plaintiff had no past relevant work.  Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed, and the case remanded, for two reasons.  First, Plaintiff contends that the ALJ erred by failing to evaluate the persuasiveness of Dr. Gardener's opinion, which was more restrictive than the ALJ's final RFC determination.  Second, Plaintiff argues that the ALJ erred by failing to properly address Plaintiff's wife's third-party function report in determining that Plaintiff's statements were inconsistent with the evidence of record.

In reviewing the ALJ's determination, this Court must affirm the Commissioner's final decision if it is "supported by substantial evidence."  42 U.S.C. § 405(g).   "Courts are not permitted to re-weigh the evidence or impose their own factual determinations."  Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).  Further, on appeal, Plaintiff carries twin burdens of proof.  First, Plaintiff bears the burden at the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  Second, Plaintiff bears the burden of showing not merely that the Commissioner erred, but also that the error was harmful.  Shinseki v. Sanders, 556 U.S. 396, 409 (2009).  At the first four steps, this requires that Plaintiff show that, but for the error, she might have proven her disability.  In other words, when appealing

2

a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff argues first that the ALJ erred because she failed to evaluate the persuasiveness of the opinion of consultative psychologist Dr. Gardner.  (Pl.'s Br.. at 12).  The ALJ assessed that Plaintiff had the RFC to perform light work with the following restrictions:

> Occasional ramps/stairs, no ladders/ropes/scaffolds, frequent balance, stoop, occasional kneel crouch crawl. No unprotected heights or hazardous machinery. Able to understand, remember, and carry out simple, repetitive tasks in a routine environment with few changes.  Can work for hours before needing a standard 15 minute break. Can have frequent contact with supervisors and coworkers in proximity and occasional contact with the public.

(Tr. at 20).  Plaintiff correctly notes that in formulating this RFC, the ALJ failed to reconcile or explain her view of the medical opinion of Dr. Gardner.

Dr. Gardner conducted a psychiatric evaluation of Plaintiff in December of 2023 and assessed that Plaintiff had "moderate" limitations in "maintaining appropriate social interaction with . . . coworkers, and supervisors."  (Id. at 579).  Another medical provider, agency reviewing psychologist Dr. Meza, on reconsideration, came to a different conclusion.  Dr. Meza concluded that Plaintiff only had "mild" limitations in his ability to "interact with others."  (Id. at 82).  It appears from the ALJ's final RFC determination, that she ultimately found Dr. Meza's "mild" assessment more persuasive than Dr. Gardner's "moderate" assessment, as the RFC states that Plaintiff "[c]an have frequent contact with supervisors and coworkers in proximity."  (Id. at 20). As Plaintiff contends, the ALJ failed to explain how she reconciled Dr. Gardner's determination of "moderate" impairment with Dr. Meza's differing opinion and the ALJ's RFC determination.

While the ALJ was certainly not required to adopt the opinion of Dr. Gardner, she was required to explain how she concluded it was not, in fact, persuasive.  She failed to do so.  The

ALJ did mention Dr. Gardner's examination of Plaintiff and discussed some of the material covered in that consultation, but did not assess the persuasiveness of Dr. Gardner's medical opinion.  (See Tr. at 21-22).  In failing to conduct a persuasiveness analysis, the ALJ failed to satisfy the relevant regulations.  See 20 C.F.R. § 404.1520c(b) (stating that an ALJ must articulate "how persuasive [the ALJ] find[s] *all of the medical opinions* and *all of the* prior administrative medical findings in [the] case record.").  Further, the ALJ did not try to square Dr. Gardner's opinion with the opinion of Dr. Meza, nor with her RFC determination.  Because the ALJ ignored countervailing evidence and failed to resolve the conflict between competing evidence here, she did not comply with Third Circuit law, and her opinion is not supported by substantial evidence. See Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983) ("A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by countervailing evidence."). [1]

For the reasons set forth above, this Court finds that the Commissioner's decision is not supported by substantial evidence and the decision of the Commissioner is vacated and remanded for further proceedings in accordance with this Opinion. As this matter is remanded, the Court need not reach Plaintiff's additional arguments.

　s/ Stanley R Chesler
　STANLEY R. CHESLER, U.S.D.J.

Dated: April 28th, 2026

---

[1] The Court also notes that Plaintiff aptly makes this argument, and the Government essentially ignores it.  The Court takes this silence from the Government as concession on this point, which further bolsters the Court's assessment of the ALJ's error in this case.